# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3529

_____

| | | |
|---|---|---|
| Mark Alan Hutto, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Douglas Weber, Warden of the | * | |
| South Dakota State Penitentiary; | * | |
| Mark W. Barnett, Attorney General | * | |
| of South Dakota, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 15, 2001

Filed: December 14, 2001

_____

Before MURPHY, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

A South Dakota state court sentenced Mark Alan Hutto to sixty years' imprisonment for his role in an attempted escape from the Huron Regional Correctional Center and for being a habitual offender, as defined by state statute. Hutto asserts that the sixty-year sentence violates the concept of proportionality found within the Eighth Amendment to the United States Constitution. Pursuant to 28

U.S.C. § 2254, he appeals the federal district court's[1] denial of his petition for a writ of habeas corpus. We affirm.

While detained prior to trial on charges of burglary and grand theft, Hutto participated in a failed attempt to escape from the Correctional Center. Hutto's role in the endeavor was to run a shower and play cards in order to conceal two other inmates' efforts to remove a prison window. One of the other inmates succeeded in making it out the window and dropping to the ground, only to injure his back and be apprehended by jail authorities who had been tipped off by yet another inmate.

Hutto pled guilty to state charges of aiding, abetting or advising escape, and third-degree burglary. He was found to be a habitual offender on both counts. Pursuant to South Dakota's habitual offender statute, a state court sentenced him to sixty years' imprisonment for his role in the attempted escape, to be served consecutive to a twenty-five-year sentence on the burglary charge. However, if Hutto receives the maximum amount of "good time" allowed by South Dakota law, he will be eligible for parole in 2013.

In assessing Hutto's habeas claim, the district court looked at the facts behind Hutto's prior felony burglary and theft convictions and determined that his criminal history was essentially non-violent and not as serious as the appellees have attempted to portray it. The district court also found that Hutto's co-defendants were at least as culpable as Hutto in the attempted escape but were sentenced much more leniently.[2]

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

[2]One co-defendant received a sentence of twenty-five years' imprisonment, to be served consecutive to the sentence he was already serving, and the other received a sentence of fifty years' imprisonment, to be served concurrent with an eighty-five year sentence on charges of aggravated assault and being a habitual offender.

Still, the district court ultimately concluded that, under Supreme Court precedent, it could not draw an inference that Hutto's sentence under South Dakota's habitual offender statute was grossly disproportionate to his offense. See Rummel v. Estelle, 445 U.S. 263, 265-66, 285 (1980) (upholding life sentence under state recidivist statute for conviction on charge of obtaining $120.75 by false pretenses, when defendant had previous felony convictions for fraudulent use of a credit card to obtain $80 worth of goods or services and for passing a forged check in the amount of $28.36). The district court further concluded that without such inference, it need not consider sentences imposed upon other criminals in South Dakota, or those imposed upon criminals for the same crime in other jurisdictions. See Harmelin v. Michigan, 501 U.S. 957, 1004-05 (1991) (plurality opinion of Kennedy, J.).

The Eighth Amendment prohibits sentences that are disproportionate to the crime committed. Solem v. Helm, 463 U.S. 277, 284 (1983). However, when applied to noncapital sentences, this proportionality principle is narrowly construed. Harmelin, 501 U.S. at 997. Intrajurisdictional and interjurisdictional analyses are necessary "only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 1005; accord United States v. Johnson, 944 F.2d 396, 409 (8th Cir. 1991).

We share the district court's concerns as to whether Hutto's relatively non-violent criminal history and minor role in the attempted escape warrant the harsh sixty-year, consecutive sentence imposed upon him. Hutto's co-defendants were apparently more culpable in the escape attempt, and one co-defendant's underlying crime was more violent, yet they received considerably lighter sentences for their roles in the escape attempt. However, also as the district court determined, Hutto's sentence is not disproportionate to his crime in the constitutional sense. See, e.g., Harmelin, 501 U.S. at 997, 1005; Rummel, 445 U.S. at 266, 276, 285. But see Henderson v. Norris, 258 F.3d 706, 709-10 (8th Cir. 2001) (finding sentence grossly

disproportionate to habeas corpus petitioner's crime where sentence was not warranted by harm caused or threatened to a victim or to society, petitioner's culpability or degree of involvement, or by recidivism concerns).

Our power to grant a state prisoner's application for a writ of habeas corpus on claims adjudicated on their merits in state courts is constrained. Williams v. Taylor, 529 U.S. 362, 412 (2000). We cannot grant habeas corpus relief on a petitioner's claim unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); accord Williams, 529 U.S. at 412-13. Hutto has not demonstrated that the state court's disposition of his claim was contrary to, or an unreasonable application of, Supreme Court precedent, or was based on an unreasonable determination of the facts. We therefore affirm the district court's thorough and well-reasoned result. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-